# NO. 12-24-00063-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***ERNESTO SANDOVAL-DELROSARIO, APPELLANT*** | § | ***APPEAL FROM THE 420TH*** |
| | § | ***JUDICIAL DISTRICT COURT*** |
| ***V.*** | | |
| ***THE STATE OF TEXAS, APPELLEE*** | § | ***NACOGDOCHES COUNTY, TEXAS*** |

## MEMORANDUM OPINION
### PER CURIAM

Ernesto Sandoval-Delrosario appeals his convictions for aggravated sexual assault of a child. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

### BACKGROUND

Appellant was charged by indictment with four counts of aggravated sexual assault of a child, P.S.[1] Appellant pleaded "not guilty" to all counts, and the matter proceeded to a jury trial.

At trial, P.S.'s mother, R.L., testified that Appellant was formerly her romantic partner and that they share three biological children (not including P.S.). During 2020, while R.L. was at work, Appellant stayed home to supervise the children. R.L. contacted law enforcement on May 5, 2020, because P.S. told her that Appellant had been sexually assaulting her on an ongoing basis.

---

[1] The first count of aggravated sexual assault of a child was dismissed at some point before the jury received the charge of the court.

P.S., who was fourteen years old at the time of trial, testified that "[her] mom's boyfriend," Appellant, sexually assaulted her more than once while her mother was at work, although she did not remember exactly how many times. She stated that on one occasion, in her mother's bedroom, Appellant "put his penis in [her] butt," and on other occasions, he "put his penis in [her] mouth," made her swallow "white stuff" that came from his penis, and "put his mouth in [her] vagina." P.S. told her mother about what happened, after which the police came to the house, and P.S. underwent a medical exam, which made her feel "hurt and weird."

Wesley Mask, formerly an officer of the Nacogdoches Police Department, testified that on May 5, he was dispatched to a residential address in Nacogdoches pursuant to a complaint of sexual assault of a child. He spoke to R.L. and collected evidence from the home, including articles of clothing and bedding. He also set up a forensic interview and physical examination for P.S. at Harold's House, a child advocacy center.

Madelyn Pool, the forensic interviewer who spoke to P.S. at Harold's House, testified that P.S. was very emotional and tearful during the interview, and spent the majority of the time holding a teddy bear she brought with her to the facility. P.S. disclosed that the abuse was ongoing and began when she was five or six years old, but included multiple incidents wherein Appellant forced her to perform oral, vaginal, and anal sex, including an occurrence the day before she disclosed the abuse to her mother.

Norma Sanford, a sexual assault nurse examiner (SANE) employed by Harold's House, testified that P.S. (who was ten years old at the time of the exam) had acute redness and tenderness in her entire genital area, which was consistent with an assault occurring the morning before. She also had a healed partial transection of her hymen, which Sanford testified would be caused by penetration or "something traumatic enough to separate and tear" the tissue, which was abnormal in a child of P.S.'s age. Sanford also observed a bleeding abrasion in the posterior fourchette area. However, because P.S. experienced severe pain and tenderness, Sanford could not collect specimens or swabs. Kim Riddle, the forensic nursing coordinator employed by Harold's House, completed P.S.'s examination and specimen collection the following day. She noted the abrasion in the posterior fourchette area, which she described as a "scraping/rubbing type injury … in an area where we normally do find injuries in a sexual assault." Riddle also noted the healed tear to P.S.'s hymen, a type of injury consistent with sexual assault.

2

Jamie Shelton, supervisor of property and evidence for the Nacogdoches Police Department, testified briefly that she collected a buccal DNA swab from Appellant, and oversaw storage for the sheets taken from P.S.'s bed. Richard Bush, a forensic biologist employed by the Texas Department of Public Safety, testified that the swabs contained in P.S.'s sexual assault kit tested negative for the presence of semen, as did a cutting removed from P.S.'s bedding. However, the bedding tested positive for the presence of blood. Berenger Chan, also a forensic scientist with the Texas Department of Public Safety, testified that his comparison of the blood found on P.S.'s bedding to Appellant's DNA sample revealed a substantial likelihood that the DNA from the bedding swatch belonged to Appellant.

After the close of evidence and argument of counsel, the jury found Appellant "guilty" as charged on all three remaining counts and sentenced him to fifty years' imprisonment for count two, ten years' imprisonment for count three, and ten years' imprisonment on count four. This appeal followed.

### ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[2] We likewise reviewed the record for reversible error and found none.

### CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex.

---

[2] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file his own brief. The time for filing such a brief expired and no pro se brief has been filed.

Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we **grant** Appellant's counsel's motion for leave to withdraw and **affirm** the trial court's judgment.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* **Schulman**, 252 S.W.3d at 408 n.22.

Opinion delivered August 21, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 21, 2024**

**NO. 12-24-00063-CR**

**ERNESTO SANDOVAL-DELROSARIO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F2427908)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*